**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JJM GROUP LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| WEST BEND MUTUAL INSURANCE COMPANY, | ) JURY DEMANDED |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Now comes, Plaintiff JJM Group Ltd., formerly known as Glueckert Funeral Home Ltd. (and referred to herein as "Glueckert"), through its undersigned counsel, and states as follows for its Complaint against Defendant, West Bend Mutual Insurance Company ("West Bend"):

**Nature of the Action**

1. Glueckert seeks damages due to West Bend's breaches of its contractual obligation to defend Glueckert in connection with the underlying litigation captioned *Meagon Mayo, Lauren Weiner, Deborah Pearlman, each individually, as personal representatives of the estates of Pam Kennedy, Mathew Silberman, and Jamie Draper, and on behalf of all others similarly situated v. Legacy Touch, Inc., Hughey Funeral Home, Ltd., Glueckert Funeral Home, Ltd., and Kristan Funeral Home P.C.* (the "Underlying Lawsuit"). Specifically, through its breach of contract claim, Glueckert seeks to recover the defense expenses it has incurred and continues to incur in defending itself in the Underlying Lawsuit due to West Bend's failure to provide Glueckert the defense to which it was entitled and indemnification for the defense expenses it will continue to incur through the final disposition of the Underlying Lawsuit.

**The Parties**

2. Glueckert is an Illinois corporation with its principal place of business located at 1520 N. Arlington Heights Rd., Arlington Heights, IL 60004. Consequently, Glueckert is an Illinois citizen.

3. West Bend is a Wisconsin corporation with its principal place of business located at 1900 South 18th Ave., West Bend, WI 53095. Consequently, West Bend is a Wisconsin citizen.

**Jurisdiction and Venue**

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because Glueckert and West Bend are citizens of different states and the total amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the claims arise from insurance contracts issued to Glueckert in this district and because West Bend's refusal to provide a defense to Glueckert in the Underlying Lawsuit has caused Glueckert to suffer damages in this district. Consequently, a substantial part of the events or omissions giving rise to the claims occurred in this district.

**Facts Common to All Counts**

**A. The West Bend Policies**

6. West Bend issued insurance contracts to Glueckert for the period between October 1, 2021 and May 23, 2024, collectively referred to herein as the "Policies."

7. West Bend issued an insurance contract to Glueckert, bearing Policy No. A494042 (the "Smartbusiness Policy"), effective between October 1, 2021 through October 1, 2022. A copy of the Smartbusiness Policy is attached as **Exhibit A**.

8. Glueckert is the Named Insured under the Smartbusiness Policy

9. The Smartbusiness Policy has limits of coverage of $1,000,000 per occurrence and $2,000,000 in the general aggregate limit.

10. Pursuant to the terms of the Smartbusiness Policy, West Bend agreed to pay those sums that Glueckert becomes legally obligated to pay for "personal and advertising injury" to which the insurance policy applies, and West Bend has the duty to defend Glueckert against any suit seeking those damages.

11. The Smartbusiness Policy applies to "personal and advertising injury" caused by an offense arising out of Glueckert's business if committed in the coverage territory during the policy period.

12. The Smartbusiness Policy includes the Funeral Directors Professional Liability endorsement, through which the Smartbusiness Policy applies to "personal and advertising injury" or other injury arising out of the rendering of or failure to render professional services as a funeral director and eliminates the Professional Services exclusion for personal and advertising injury.

13. The Smartbusiness Policy also provides umbrella coverage with limits of $4,000,000 per occurrence and a general aggregate limit $4,000,000.

14. Through the umbrella coverage provided in the Smartbusiness Policy, West Bend agreed to "pay on behalf of the insured the 'ultimate net loss' in excess of the 'retained limit' because of 'personal and advertising injury' to which the insurance applies."

15. West Bend later issued an insurance contract to Glueckert, bearing Policy No. B136127 (the "Businessowners Policy"), effective between October 1, 2022 through October 1, 2023. A copy of the Businessowners Policy is attached as **Exhibit B**.

16. Glueckert is the Named Insured under the Businessowners Policy

17. The Businessowners Policy has limits of coverage of $1,000,000 per occurrence and $2,000,000 in the general aggregate limit.

18. Pursuant to the terms of the Businessowners Policy, West Bend agreed to pay those sums that Glueckert becomes legally obligated to pay for "personal and advertising injury" to which the insurance policy applies, and West Bend has the duty to defend Glueckert against any suit seeking those damages.

19. The Businessowners Policy applies to "personal and advertising injury" caused by an offense arising out of Glueckert's business if committed in the coverage territory during the policy period.

20. The Businessowners Policy does not include the Funeral Directors Professional Liability endorsement and the Businessowners Policy does not include an exclusion for handling, embalming, disposal, burial, cremation or disinterment of dead bodies.

21. The Businessowners Policy also provides umbrella coverage with limits of coverage of $4,000,000 per personal and advertising injury and a general aggregate limit $4,000,000.

22. Through the umbrella coverage provided in the Businessowners Policy, West Bend agreed to "pay on behalf of the insured the 'ultimate net loss' in excess of the 'retained limit' because of 'personal and advertising injury' to which the insurance applies."

**B.    The Underlying Lawsuit**

23. On August 2, 2024, Meagon Mayo, Lauren Weiner, Debroah Pearlman, each individually, as personal representatives of the estates of Pam Kennedy Mathew Silberman, and Jamie Draper, and on behalf of all others similarly situated (collectively "Underlying Plaintiffs"),

4

filed the putative class action Underlying Lawsuit. A true and correct copy of the Underlying complaint is attached as **Exhibit C**.

24. Glueckert is one of the four named defendants in the Underlying Lawsuit.

25. The Underlying Lawsuit asserts claims on behalf of a putative class including allegations that Glueckert "manipulated their loved one's remains… without complying with their legal, professional, and ethical duties." Ex. C at ¶ 4.

26. The Underlying Lawsuit alleges that facts and questions of law common to the putative members of the class include claims that Glueckert made misrepresentations regarding the collection of their deceased families' fingerprints; whether Glueckert's marketing was unfair or deceptive; whether Glueckert violated consumer protection laws; whether Glueckert's legally authorized representatives had a right to possess and control the deceased's body; whether Glueckert caused emotional distress by interfering with the legally authorized representative's right to possess and control the deceased's body; and whether the class members suffered damages as a result of Glueckert's conduct. Ex. C at ¶ 134(i)(j)(k)(l)(p).

27. Through Count V, the Underlying Lawsuit contends that Glueckert violated the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) because their conduct impacts the consumers' rights to have their loved ones' remains handled in a professional and dignified manner and the failure to do so causes significant emotional distress and financial harm to consumers. Ex. C at Count V, ¶ 194.

28. Through Count VII, the Underlying Lawsuit contends that Glueckert tortiously interfered with the right to possess a decedent's remains by negligent manipulation of the deceased relatives' remains. Ex. C at Count VII, ¶ 218.

29. Through Count IX, the Underlying Lawsuit further alleges that Glueckert represented that it would handle and process the deceased individuals' remains, including assurances that all services would be conducted in compliance with applicable laws, ethical standard, and utmost dignity and respect. Ex. C at Count IX, ¶ 230.

30. The Underlying Plaintiffs allege that Glueckert had a duty to exercise reasonable care in providing accurate information about their practices and compliance with the law and that Glueckert breached a duty owed to the Underlying Plaintiffs by negligently making false representations. Ex. C at Count IX, ¶¶ 232-233.

31. As a result of Glueckert's alleged negligence, the Underlying Plaintiffs seek damages for emotional distress and other economic losses. Ex. C at Count IX, ¶ 235.

**C. Glueckert's Tender**

32. Glueckert tendered the Underlying Complaint to West Bend, demanding a defense against the claims asserted in the Underlying Lawsuit.

33. Glueckert performed its obligations owed under the Policies to West Bend, including as to its tender of the Underlying Lawsuit.

34. West Bend denied coverage and refused to provide Glueckert with a defense in the Underlying Lawsuit. A true and correct copy of West Bend's letter disclaiming coverage is attached as **Exhibit D**.

35. West Bend has denied that it will owe an obligation to Glueckert against the claims asserted in the Underlying Lawsuit under any circumstances.

36. Glueckert has undertaken its own defense in the Underlying Lawsuit and incurred defense expenses, including attorney's fees, as a result of West Bend's refusal to provide a defense.

## COUNT I
### BREACH OF CONTRACT- SMARTBUSINESS POLICY

37. Glueckert incorporates the allegations of paragraphs 1 through 36 as though fully stated herein.

38. The Underlying Lawsuit asserts claims of mishandling the deceased families' remains.

39. The Underlying Lawsuit asserts claims of injury and seeks damages on behalf of plaintiffs individually and putative class members for, among other things, the negligent handling of their deceased families' remains as identified in the questions of fact and law common to all classes identified in the Underlying Lawsuit and the allegations included in Counts V, VII, and IX.

40. The Underlying Lawsuit also asserts claims regarding Glueckert's alleged misrepresentations of the practices followed concerning the handling of the deceased families' remains.

41. The Underlying Lawsuit asserts claims that the mishandling of the deceased families' remains, and the misrepresentations made about the practices associated with the handling of the deceased families' remains, caused the Plaintiffs in the Underlying Lawsuit to sustain damages.

42. Glueckert timely tendered the Underlying Lawsuit to West Bend under the Smartbusiness Policy, including as to its tender of the Underlying Lawsuit.

43. West Bend has declined coverage and refused to provide Glueckert with a defense in the Underlying Lawsuit. Ex. D.

44. By failing to provide a defense to Glueckert in the Underlying Lawsuit and repudiating its duty to defend Glueckert in connection with the Underlying Lawsuit, West Band has failed to fulfill its obligations to Glueckert under the Policies.

45. West Bend's breach of its obligation to provide Glueckert with a defense in the Underlying Lawsuit has required Glueckert to engage defense counsel and fund its own defense costs, including attorney's fees and other expenses, to defend against the claims asserted in the Underlying Lawsuit.

46. Glueckert has sustained actual damages in the form of attorney's fees and other defense costs and will continue to incur further damages as a consequence of West Bend's breach of its obligation to provide Glueckert with a defense in the Underlying Lawsuit pursuant to the Smartbusiness Policy.

WHEREFORE, Plaintiff Glueckert requests: (i) that judgment be entered in its favor and against Defendant West Bend; (ii) that Glueckert be awarded the damages caused by West Bend's breach of its obligation to defend Glueckert in the Underlying Lawsuit, including, without limitation, attorney's fees and costs and for indemnification of the defense expenses it will continue to incur through the final disposition of the Underlying Lawsuit; and (iii) such other relief as the Court deems just.

## COUNT II
## BREACH OF CONTRACT-BUSINESSOWNERS POLICY

47. Glueckert incorporates the allegations of paragraphs 1 through 36 as though fully stated herein.

48. The Underlying Lawsuit asserts claims of mishandling the deceased families' remains.

49. The Underlying Lawsuit asserts claims of injury and seeks damages on behalf of plaintiffs individually and putative class members for, among other things, the negligent handling of their deceased families' remains as identified in the questions of fact and law common to all classes identified in the Underlying Lawsuit and the allegations included in Counts V, VII, and IX.

8

50. The Underlying Lawsuit also asserts claims regarding Glueckert's alleged misrepresentations of the practices followed concerning the handling of the deceased families' remains.

51. The Underlying Lawsuit asserts claims that the mishandling of the deceased families' remains, and the misrepresentations made about the practices associated with the handling of the deceased families' remains, caused the Plaintiffs in the Underlying Lawsuit to sustain damages.

52. Glueckert timely tendered the Underlying Lawsuit to West Bend under the Businessowners Policy, including as to its tender of the Underlying Lawsuit.

53. West Bend has declined coverage and refused to provide Glueckert with a defense in the Underlying Lawsuit. Ex. D.

54. By failing to provide a defense to Glueckert in the Underlying Lawsuit and repudiating its duty to defend Glueckert in connection with the Underlying Lawsuit, West Band has failed to fulfill its obligations to Glueckert under the Businessowners Policy.

55. West Bend's breach of its obligation to provide Glueckert with a defense in the Underlying Lawsuit has required Glueckert to engage defense counsel and fund its own defense costs, including attorney's fees and other expenses, to defend against the claims asserted in the Underlying Lawsuit.

56. Glueckert has sustained actual damages in the form of attorney's fees and other defense costs and will continue to incur further damages as a consequence of West Bend's breach of its obligation to provide Glueckert with a defense in the Underlying Lawsuit pursuant to the Businessowners Policy.

WHEREFORE, Plaintiff Glueckert requests: (i) that judgment be entered in its favor and against Defendant West Bend; (ii) that Glueckert be awarded the damages caused by West Bend's breach of its obligation to defend Glueckert in the Underlying Lawsuit, including, without limitation, attorney's fees and costs including indemnification of the defense expenses it will continue to incur through final disposition of the Underlying Lawsuit; and (iii) such other relief as the Court deems just.

Dated: October 18, 2024

JJM GROUP LTD.

By: /s/ David B. Goodman
One of its attorneys

David B. Goodman – dg@glgchicago.com
  ARDC No. 6201242
Sharon Doherty Sirott – ss@glgchicago.com
  ARDC No. 6236973
Kalli K. Nies – kn@glgchicago.com
  ARDC No. 6318089
Christopher S. Hoffmann – ch@glgchicago.com
  ARDC No. 6336052
Goodman Law Group | Chicago
20 North Clark Street, Suite 3300
Chicago, Illinois 60602
Tel: (312) 626-1888